United States District Court
Southern District of Texas
**ENTERED**
July 12, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| THOMAS HADEL, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | 3:23-cv-115 |
| OLIVIA MORRIS and DAVID MORRIS, | § § § § | |
| Defendants. | § | |

# ORDER

Before the court is the defendants' motion for summary judgment. Dkt. 25. The court will grant the motion.

This suit arises from a collision between Thomas Hadel's sailboat and David Morris's yacht in Galveston Bay. *Id.* ¶ 2. Hadel's insurance company paid out nearly $129,000 to repair the damage to Hadel's boat. Dkt. 1-2 ¶ 18. His insurer then settled its subrogation suit against David and Olivia Morris for $121,000. *Id.* ¶¶ 19–20. Hadel now seeks to recover between $100,000 and $150,000 in diminution-in-value damages from the Morrises. *Id.* ¶¶ 28–30. The threshold question to be answered at this stage is whether Hadel is legally entitled to recover any such damages even if he can prove them.

The Morrises argue that "[u]nder th[e] well-known and longstanding maxim [of *restitutio in integrum*], recoverable damages from a vessel collision are limited to the cost of necessary repairs." Dkt. 25 ¶ 6. As the Fifth Circuit has explained:

> The maxim applied in the event of marine collision is *restitutio in integrum*. That doctrine, strictly construed, would limit damages to the difference in the value of the vessel before and after collision. However, that measure has long been equated with **the cost of necessary repairs and the loss of earnings while they are being made**.

*Delta Marine Drilling Co. v. M/V Baroid Ranger*, 454 F.2d 128, 129 (5th Cir. 1972) (emphasis added, and internal footnotes omitted); *see also Transcon. Gas Pipe Line Corp. v. Societe D'Exploitation du Solitaire SA*, 299 F. App'x 347, 350 (5th Cir. 2008) (per curiam) ("In cases of maritime collision, the maximum recoverable damages are those established by the doctrine of *restitutio in integrum*. This principle measures damages as the 'cost of necessary repairs and the loss of earnings while they are being made.'") (internal footnote omitted) (quoting *Delta Marine Drilling*, 454 F.2d at 129)).

Hadel responds that "[i]t would be inequitable to deny [him] the ability to recoup the full measure of his damages simply because his sailboat is a pleasure boat and not a commercial vessel." Dkt. 26 at 8. Summarizing the

reasoning behind his argument, Hadel states that "it is because a commercial vessel's value is derived from its ability to work—not its resale value—that denying a recreational[-]boat owner the diminished value of his vessel is inequitable." *Id.* at 15. But commercial boats—which produce value for their owners in the form of profit—like pleasure boats—which produce value for their owners in the form of enjoyment—also have resale value susceptible to diminution. So, the only unique inequity that the court's reliance on the traditional measure of vessel-collision damages could inflict on Hadel is the non-award of damages for his loss of enjoyment of (rather than loss of profit from) his sailboat while it was being repaired. But Hadel is not seeking such damages. He seeks only to recover lost resale value "based on surveyor's [sic] reports and valuation surveys." Dkt. 1-2 ¶ 30. And he does not cite a single case, let alone a controlling one, in which the owner of a fully repaired pleasure boat recovered diminution-in-value damages.

The defendants' motion for summary judgment is granted. Dkt. 25. A final judgment will issue separately.

Signed on Galveston Island this 12th day of July, 2024.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE